UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| DIO MEDICAL CORPORATION<br><br>Plaintiff,<br><br>vs.<br><br>RC3 INNOVATIONS, LLC d/b/a<br>ADVANTAGE MEDICAL<br><br>Defendants. | Case No.: |

# COMPLAINT

Plaintiff, DIO MEDICAL CORPORATION ("DIO"), for its Complaint against Defendant, RC3 Innovations, LLC d/b/a Advantage Medical ("Advantage"), alleges as follows:

## Parties

1. Plaintiff, Dio, is a Wisconsin corporation with its principal place of business in Pennsylvania. It sells medical products used in back or cervical surgeries.

2. Defendant, Advantage, is a Geogia limited liability company with its principal place of business in Saint Simons Island, Georgia. Its members are not citizens of Wisconsin or Pennsylvania.

## Jurisdiction

3. This Court has jurisdiction under 28 U.S.C. § 1332(a) and the amount in controversy exceeds $75,000.00.

## Facts Common to All Counts

4. Plaintiff sold certain medical products to Defendant under a Stock Distribution Agreement (the "Agreement"), a copy of which is attached as **Exhibit A.**

1

5. Under the Agreement, Defendant purchased medical products and resold them to Baycare Health System ("Baycare") in Tampa, Florida. Copies of the purchase orders from Defendant are attached as **Exhibit B.**

6. Defendant accepted the medical products, sold them to Baycare, were paid for them by Baycare, and made partial payments to Plaintiff, but then defaulted by failing to pay the balance due to Plaintiff. Defendant knowingly, vexatiously and in bad faith refuses to pay the balance due under the Agreement.

7. Communications, requests and demands by Plaintiff for Defendant to perform under the Agreement have been met with Defendant's evasion and bad faith refusal to perform under the Agreement.

8. Defendant has also taken Plaintiff's medical products that were in possession of Baycare without consent or authorization from Plaintiff. After simply taking physical possession of Plaintiff's products without authorization or purchase order, Defendant now refuses to return them to Plaintiff or pay for them.

9. As a proximate result of Defendant's breach and continuing refusal to perform under the Agreement or to return Plaintiff's medical products that it took from Baycare, Plaintiff has incurred damages in excess of 800,000.00.

## COUNT I: Breach of Contract

10. Plaintiff restates and adopts paragraphs 1-9 as though fully set forth herein.

11. Plaintiff and Defendant entered into the Agreement.

12. Plaintiff has performed under the Agreement.

13. Defendant has reaped the benefits of Plaintiff's performance under the Agreement.

14. Defendant has breached the Agreement by failing to pay the balance due. Defendant's breach has been in bad faith and has caused Plaintiff unnecessary trouble and expenses. Defendant has been stubbornly litigious in violation of O.C.G.A.§13-6-11.

15. Defendant's breach has proximately caused damages to Plaintiff in excess of $ 180,000.00.

WHEREFORE, Plaintiff prays that this Court enter judgement in its favor and against Defendant in excess of $180,000.00, plus prejudgment interest, litigation expenses, legal fees, and any other relief this Court deems just and proper.

## Count II: Conversion

16. Plaintiff restates and adopts paragraphs 1-15 as through fully set forth herein.

17. During all relevant times, Plaintiff was the owner and had right of possession to certain medical products being held by Baycare.

18. When Defendant's salesman covering Baycare was either terminated to resigned, Defendant simply took possession of Plaintiff's medical products at Baycare as if they were Defendant's own.

19. Defendant had no consent from Plaintiff to take Plaintiff's medical products at Baycare into possession, nor did Defendant ever seek such authorization from Plaintiff.

20. Plaintiff demanded that Defendant return Plaintiff's medical products to Plaintiff.

21. While saying that Defendant would return them to Plaintiff, Defendant continues to hold them hostage and seeks to negotiate new terms of the Agreement, using Plaintiff's medical products that Defendant holds hostage as leverage.

22. Defendant's taking of Plaintiff's medical products into possession and control over them without any consent or authorization from Plaintiff was knowing, intentional and vexatious.

23. Defendant's continuing refusal to return Plaintiff's medical products to Plaintiff, while saying that Defendant would, and using those ill-gotten possession as leverage to try to force new terms to the Agreement was knowing, intentional and vexatious.

24. The value of Plaintiff's medical products that were at Baycare that Defendant simply took without authorization exceeds $600,000.00.

25. As a proximate result of Defendant's conversion of Plaintiff's medical products that were at Baycare, Plaintiff has been damaged in excess of $600,000.00.

WHEREFORE, Plaintiff prays that this Court enter judgment in its favor and against Defendant in excess of $600,000.00, plus prejudgment interest, legal fees and costs and any other relief this Court deems just and proper.

## Count III: Unjust Enrichment

26. Plaintiff restates and adopts paragraphs 1-25 as through fully set forth herein.

27. Plaintiff performed under the Agreement, not as gratis or gift.

28. Defendant accepted the benefits of Plaintiff's performance.

29. Plaintiff sent its medical products to Baycare not as gratis or gift.

30. Defendant simply took Plaintiff's medical products at Baycare without consent or authorization from Plaintiff and without even communicating to Plaintiff that Defendant was taking Plaintiff's medical products.

31. Defendant benefitted from Plaintiff's performance of the Agreement and from Plaintiff's medical products at Baycare that it simply took.

32. Defendant accepted such benefits.

33. As a proximate result of Defendant's unjust enrichment, Plaintiff has been damaged in amounts in excess of $800,000.00

WHEREFORE, Plaintiff prays that this Court enter judgement in its favor and against Defendant in excess of 800,000.00 plus prejudgment interest, legal fees and costs, and any other relief this Court deems just and proper.

By: /s/ John Y. Lee_____
John Y. Lee, Counsel for Dio Medical Corporation

John Y. Lee
Georgia Bar No: 353266
Lee & Breen, LLC
911 Waukegan Road, #1419
Morton Grove, IL 60053
(312) 241-1420
(630) 748-0399 (facsimile)
jlee@leebreenlaw.com