UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DIO MEDICAL CORPORATION,

    Plaintiff,

    v.

RC3 INNOVATIONS, LLC D/B/A
ADVANTAGE MEDICAL,

    Defendant.

CIVIL ACTION NO.
1:23-CV-04810-JPB

## ORDER

This matter comes before the Court on RC3 Innovations, LLC d/b/a Advantage Medical's ("Defendant") Motion to Dismiss [Doc. 4]. This Court finds as follows:

## BACKGROUND

Dio Medical Corporation ("Plaintiff") filed this action against Defendant on October 20, 2023, alleging the following causes of action: (1) breach of contract; (2) conversion; and (3) unjust enrichment. [Doc. 1]. Plaintiff's factual allegations are limited and do not contain much detail. Essentially, Plaintiff—a seller of medical products used in back or cervical surgeries—alleges that Defendant breached a Stock Distribution Agreement when it accepted medical products but failed to pay the balance due. Id. at 2-3.

Particularly relevant here are the jurisdictional allegations.  In the Complaint, Plaintiff asserts that the Court has diversity jurisdiction.  To support that assertion, Plaintiff alleges that it "is a Wisconsin corporation with its principal place of business in Pennsylvania."  Id. at 2.  As to Defendant, Plaintiff alleges that it is "a Georgia limited liability company with its principal place of business in Saint Simons Island, Georgia."  Id.  Plaintiff further alleges that Defendant's "members are not citizens of Wisconsin or Pennsylvania."  Id.

On January 8, 2024, Defendant filed the instant Motion to Dismiss arguing that dismissal is required under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  As to Rule 12(b)(1), Defendant asserts that Plaintiff failed to sufficiently allege that the Court has subject-matter jurisdiction.  As to Rule 12(b)(6), Defendant argues that Plaintiff failed to establish that it is entitled to relief on any of its claims.  The motion is now ripe for review.

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction.  Mirage Resorts, Inc. v. Quite Nacelle Corp., 206 F.3d 1398, 1400 (11th Cir. 2000).  As such, district courts may exercise jurisdiction in limited circumstances, such as where the parties are diverse and where the case presents a federal question.  See 28 U.S.C. §§ 1332,

1335.  A party may challenge the court's subject-matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

Challenges to subject-matter jurisdiction under Rule 12(b)(1) take two forms.  A facial attack questions subject-matter jurisdiction based on the allegations in the complaint alone.  Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003).  "On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion—the court must consider the allegations of the complaint to be true."  Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990).  This is not the case for a factual attack, which contests jurisdiction "in fact, irrespective of the pleadings.  In resolving a factual attack, the district court may consider extrinsic evidence such as testimony and affidavits."  Morrison, 323 F.3d at 925 (citation omitted).  In this case, Defendant has lodged a facial attack because the Motion to Dismiss is based solely on the allegations of the Complaint and does not reference other materials.

## ANALYSIS

Defendant argues that Plaintiff's allegations are insufficient to invoke the Court's diversity jurisdiction because Plaintiff failed to properly allege Defendant's citizenship as a limited liability company.  The Court agrees that the allegations are insufficient to invoke the Court's diversity jurisdiction.

District courts have diversity jurisdiction where the amount in controversy exceeds $75,000 and the case is between citizens of different states.  28 U.S.C. § 1332.  "Complete diversity requires that no defendant in a diversity action be a citizen of the same state as any plaintiff."  MacGinnitie v. Hobbs Grp. LLC, 420 F.3d 1234, 1239 (11th Cir. 2005).  In considering whether diversity jurisdiction exists, it is "the state of facts that existed at the time of filing" that is relevant.  Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 571 (2004).  "The burden to show the jurisdictional fact of diversity of citizenship [is] on the . . . plaintiff."  King v. Cessna Aircraft Co., 505 F.3d 1160, 1171 (11th Cir. 2017).

For the purposes of diversity jurisdiction, a corporation is deemed to be a citizen of every state and foreign state by which it has been incorporated and of the state or foreign state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  A limited liability company, on the other hand, is a citizen of any state of which one of its members is a citizen.  Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004).  Importantly, merely alleging an unincorporated entity's principal place of business or the state laws under which it is organized is insufficient to demonstrate citizenship.  Instead, a plaintiff "must list the citizenships of all the members of the limited liability company."  Id.; see also Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee

<u>Univ.</u>, 663 F.3d 1304, 1305 (11th Cir. 2011) (finding that to sufficiently plead the citizenship of a limited liability company, a plaintiff must specify the citizenships of each member of the company).

As already stated above, Defendant's attack on diversity jurisdiction is facial. This Court's review is thus confined to the four corners of the Complaint, including attachments, and presumes Plaintiff's allegations are true for purposes of resolving the motion with respect to diversity of citizenship.[1]

In the Complaint, Plaintiff alleges that it is a "Wisconsin corporation with its principal place of business in Pennsylvania." [Doc. 1, p. 1]. Because Plaintiff is a corporation, the Court is satisfied that this allegation is sufficient to show that Plaintiff is a citizen of both Wisconsin and Pennsylvania. The allegations pertaining to Defendant's citizenship, however, are less clear because Plaintiff asserts that Defendant "is a Georgia limited liability company with its principal place of business in Saint Simons Island, Georgia." <u>Id.</u> As previously stated, merely alleging the location of formation or the principal place of business is not sufficient to show citizenship of a limited liability company. The Court recognizes

---

[1] In its Response in Opposition to Defendant's Motion to Dismiss, Plaintiff argues that the Court should ignore any pleading deficiency, deny the motion and order Defendant to provide citizenship information so that the Court can independently determine whether diversity jurisdiction exists. Plaintiff's argument is misplaced because in a facial attack, the Court's review is limited to the four corners of the complaint.

that Plaintiff further asserts that Defendant's members "are not citizens of Wisconsin or Pennsylvania." Id.  However, only stating where a defendant is not a citizen is not enough.  Because a plaintiff is required to list the citizenships of all members of a limited liability company—and no allegation here states where Defendant's members are citizens—the Court finds that Plaintiff's allegations are insufficient to show that this Court has diversity jurisdiction.

In sum, Plaintiff has failed to sufficiently invoke this Court's subject-matter jurisdiction, and its complaint is due to be dismissed.  The Motion to Dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(1) is therefore **GRANTED**.[2]  Plaintiff's Complaint is **DISMISSED** without prejudice for lack of subject-matter jurisdiction.

At this juncture, the Court lacks jurisdiction to hear this case.  If Plaintiff believes that it can remedy the deficient allegations to establish diversity of

---

[2] Because the Court lacks jurisdiction, the Court declines to address Defendant's other arguments for dismissal.  The balance of Defendant's Motion to Dismiss is **DENIED** as moot.  The Court notes that it appears that Defendant's arguments based on Federal Rule of Civil Procedure 12(b)(6) may have some merit in that many of Plaintiff's allegations are conclusory and merely restate the elements of the offense without any factual support. The pleading standard requires more.  All elements to a cause of action must be supported by factual support and simply incorporating by reference previously stated facts is not sufficient.

citizenship, it must do so and file an amended complaint within thirty days of the
date of this Order.

*** 

Local Rule 3.3 requires counsel for all private parties in civil cases to file a
Certificate of Interested Persons and a Corporate Disclosure Statement at the time
of first appearance.  Specifically, the parties must file a certificate containing "[a]
complete list of the parties . . . and the corporate disclosure statement required by
FRCP 7.1" LR 3.3(A)(1).  In pertinent part, Federal Rule of Civil Procedure 7.1
requires all parties in an action based on diversity to file a disclosure statement that
names and identifies the citizenship of every individual or entity whose citizenship
is attributed to that party.  Fed. R. Civ. P. 7.1(a)(2).[3]  As explained in the previous
section, to identify the citizenship of a limited liability company or other
unincorporated entity, a party must list the citizenship of all members of that entity.
See Rolling Greens, 374 F.3d 1020, 1022 (11th Cir. 2004).

On January 8, 2024, Defendant filed its Certificate of Interested Persons and
Corporate Disclosure Statement.  [Doc. 5].  Defendant did not identify its members
and the citizenship of its members as required by Local Rule 3.3 and Federal Rule

---

[3] The Court notes that the Local Rules contain a similar requirement.  Local Rule
3.3.(A)(4) states that the party must file a certificate that contains "the citizenship of
every individual or entity whose citizenship is attributed to the party."

of Civil Procedure 7.1.  Instead, Defendant stated that it "disputes that jurisdiction in this Court is proper under U.S.C. § 1332(a) based upon the allegations in Plaintiff's complaint."  Id. at 2.  This Court finds that Defendant's Certificate of Interested Persons and Corporate Disclosure Statement plainly does not comply with either the Local Rules or the Federal Rules of Civil Procedure.

Within seven days of the date of this Order, Defendant shall file amended disclosure statements pursuant to Local Rule 3.3 and Federal Rule of Civil Procedure 7.1 that fully and completely identifies the citizenship of its members. Failure to comply could result in sanctions, including the entry of a default judgment.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss [Doc. 4] is **GRANTED IN PART AND DENIED IN PART**.  Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.[4]

As explained in the Order, Defendant is **DIRECTED** to file amended disclosure statements within seven days of the date of this Order.  If, within seven

---

[4] Dismissals for lack of subject-matter jurisdiction are "without prejudice."  Yeh Ho v. Sabocik, 775 F. App'x 551, 555 (11th Cir. 2019).

days, Defendant fails to submit amended disclosure statements, the Clerk is **DIRECTED** to submit this matter to the undersigned.

Within thirty days of the date of this order, Plaintiff is **PERMITTED** to file an amended complaint. Failure to file an amended complaint will result in dismissal. The Clerk is **DIRECTED** to submit this matter to the undersigned if an amended complaint is not filed.

**SO ORDERED** this 23rd day of April, 2024.

J. P. BOULEE
United States District Judge