UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DIO MEDICAL CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> RC3 INNOVATIONS, LLC D/B/A ADVANTAGE MEDICAL, <br><br> Defendant. | CIVIL ACTION NO. <br> 1:23-CV-04810-JPB |

# **ORDER**

This matter is before the Court on RC3 Innovations, LLC d/b/a Advantage Medical's ("Defendant") Motion to Dismiss [Doc. 15]. This Court finds as follows:

# **BACKGROUND**

Dio Medical Corporation ("Plaintiff") filed this action against Defendant on October 20, 2023. [Doc. 1]. On May 1, 2024, Plaintiff filed an Amended Complaint.[1] In the Amended Complaint, Plaintiff asserts the following causes of

---

[1] Plaintiff filed an Amended Complaint after the Court determined that the original allegations were insufficient to demonstrate subject matter jurisdiction. While the Court did not address the merits of Plaintiff's Complaint, the Court warned Plaintiff that many of the substantive allegations were "conclusory" because they "merely restate[d] the elements of the offense without any factual support." [Doc. 11, p. 6].

action: (1) breach of contract; (2) conversion; and (3) unjust enrichment. [Doc. 13].

Plaintiff, who is a seller of medical products, alleges that it entered into a Stock Distribution Agreement ("the Agreement") with Defendant on November 1, 2019. Id. at 1. Plaintiff contends that Defendant purchased Plaintiff's medical products pursuant to the Agreement and resold them to Baycare Health System. Id. at 2. According to Plaintiff, even though Baycare paid Defendant for the products, Defendant breached the Agreement when it failed to pay the entire balance due to Plaintiff. Id.

Although not completely clear to the Court, Plaintiff also alleges that Baycare was in possession of some of Plaintiff's medical products and that Defendant took them from Baycare without Plaintiff's consent or authorization. Id. Plaintiff further states that despite demand, Defendant refused to return the products.

On May 15, 2024, Defendant filed the instant Motion to Dismiss arguing that dismissal is required under Federal Rule of Civil Procedure 12(b)(6). The motion is now ripe for review.

## LEGAL STANDARD

In evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to the plaintiff." Traylor v. P'ship Title Co., 491 F. App'x 988, 989 (11th Cir. 2012).  Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although detailed factual allegations are not necessarily required, the pleading must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A complaint is insufficient if it only tenders naked assertions devoid of further factual enhancement. Id.  Importantly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (citation omitted). In sum, the complaint must contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation," id., and must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," Traylor, 491 F. App'x at 990 (quoting Iqbal, 556 U.S. at 678).  While all well-pleaded facts must be accepted as true and construed in the light most favorable to the plaintiff, a court need not accept as true the plaintiff's

legal conclusions, including those couched as factual allegations. Iqbal, 556 U.S. at 678. Accordingly, evaluation of a motion to dismiss requires two steps: (1) a court must eliminate any allegations in the pleading that are merely legal conclusions; and (2) where there are remaining well-pleaded factual allegations, a court must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 679.

## ANALYSIS

Defendant moves for dismissal of all three causes of action. The breach of contract claim will be addressed first.

### 1. **Breach of Contract**

Defendant contends that Plaintiff's breach of contract claim is subject to dismissal. In Georgia, to state a claim for breach of contract, a plaintiff must allege both a breach and resultant damages to the party who has the right to complain about the contract being broken. Roberts v. JP Morgan Chase Bank, Nat'l Ass'n, 802 S.E.2d 880, 884 (Ga. Ct. App. 2017). Importantly, in the Eleventh Circuit, "[i]t is a basic tenet of contract law that a party can only advance a claim of breach of written contract by identifying and presenting the actual terms of the contract allegedly breached." Herssein Law Grp. v. Reed Elsevier, Inc., 594 F. App'x 606, 608 (11th Cir. 2015) (affirming dismissal of a contract claim where

4

the plaintiff neither attached a copy of the written agreement nor identified the precise terms that the defendant allegedly breached).

As stated above, Defendant asserts that Plaintiff's breach of contract claim must be dismissed. Specifically, Defendant argues that dismissal is required because the Amended Complaint relies only on conclusory allegations. Plaintiff disagrees and asserts that its Amended Complaint "is more than sufficient to give Defendant fair notice of Plaintiff's claims and the ground upon which they rest as Defendant understands Plaintiff's claim enough that it was able to fashion a defense."[2] [Doc. 19, pp. 3–4]. According to Plaintiff, "[d]etailed factual allegations such as which products were shipped, which payments were applied to which shipments, or which liability Defendant promised to pay, and which it ignored, are all matters for discovery . . . to further support the breach of contract claim." Id. at 4.

In this case, Plaintiff alleged that it entered into a contract with Defendant regarding the purchase of medical products. Significantly, Plaintiff attached the

---

[2] The Court notes that the pleading standards require more than the opposing party understanding the claim and being able to frame a response. The pleading standard demands more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555. "To be sure, a plaintiff may use legal conclusions to structure his complaint, but legal conclusions 'must be supported by factual allegations.'" McCullough v. Finley, 907 F.3d 1324, 1333 (11th Cir. 2018).

Agreement to the Amended Complaint.[3]  Plaintiff also attached various purchase orders.  The allegations show that Plaintiff delivered medical products to Defendant and that despite being invoiced for those products, Defendant failed to pay the balance due.  Although a close call, this Court finds that Plaintiff has done just enough to state a claim for breach of contract.  In sum, these allegations are sufficient to show that Defendant breached the Prices and Payment section of the Agreement.  Accordingly, to the extent that Defendant argues that Plaintiff's breach of contract claim should be dismissed, the motion is **DENIED**.

## 2. Conversion

Defendant argues that Plaintiff's conversion claim is subject to dismissal.  To establish a claim for conversion, a plaintiff must show "(1) title to the property or the right of possession, (2) actual possession in the other party, (3) demand for return of the property, and (4) refusal by the other party to return the property."  Cap. Fin. Servs. Grp., Inc. v. Hummel, 721 S.E.2d 108, 110 (Ga. Ct. App. 2011).

In its Motion to Dismiss, Defendant only disputes the first element.  Indeed, Defendant argues that Plaintiff cannot show title to the property or the right of possession because of the plain language contained in the Agreement.

---

[3] By attaching the Agreement, the Court can identify the actual terms of the contract that were allegedly breached.

Specifically, Defendant relies on Section 5.2 of the Agreement, which states that "[t]itle and risk of loss/damage passes to customer upon delivery and acceptance by a customer if the Products are delivered directly to customer at the address listed in the purchase order." [Doc. 13-1, p. 3]. Because of this language, Defendant argues that title passed to Baycare when the medical products were delivered. In response, Plaintiff asserts that "Defendant's argument under the Agreement cannot be decided by this Court at the Motion to Dismiss stage" and that "Defendant's theory that title transferred to the end-user upon 'delivery' is a matter for discovery." [Doc. 19, p. 6].

As an initial matter, the Court disagrees that it is unable to consider the express language of the Agreement. The Agreement may be considered because it is central to Plaintiff's claims and its authenticity is not challenged. See Johnson v. City of Atlanta, No. 22-11359, 2024 WL 3384936, at *6 (11th Cir. July 12, 2024) (holding that the court can consider an extrinsic document when the document is central to the plaintiff's claims and undisputed, meaning that its authenticity is not challenged). Moreover, "when the exhibits [attached to a complaint] contradict the general and conclusory allegations of the pleading, the exhibits govern." Griffin Indus., Inc. v. Irvin, 496 F.3d 1189, 1206 (11th Cir. 2007).

As to the first element, Plaintiff has alleged that it "was the owner and had title to and right of possession to certain medical products being held by Baycare." [Doc. 13, p. 6]. Plaintiff further alleged that these products were delivered to Baycare *without* a purchase order. Id. at 2. While this Court recognizes that the plain language of the Agreement suggests that title passes upon delivery and acceptance by a customer where a purchase order exists, the Agreement is silent as to when title passes if the products have not yet been purchased. Given this ambiguity, the Court finds that Plaintiff's allegation is sufficient to show that it had title to the property or the right to possess the property in question. Accordingly, to the extent that Defendant seeks dismissal of Plaintiff's conversion claim, the motion is **DENIED**.

3. **Unjust Enrichment**

Defendant argues that Plaintiff's unjust enrichment claim must be dismissed because (1) Plaintiff expressly pled the existence of a contract and (2) Plaintiff failed to allege that its legal remedies are inadequate. Plaintiff, on the other hand, contends that it is entitled to allege alternative theories of liability and that

discovery will reveal whether all the products that Plaintiff provided were covered by the contract or whether some were outside the contract.[4]

Under Georgia law, to state a claim for unjust enrichment, a plaintiff must allege that it conferred a benefit on the defendant and that equity requires the defendant to compensate the plaintiff for the benefit. Burgess v. Religious Tech. Ctr., Inc., 600 F. App'x 657, 665 (11th Cir. 2015). Importantly, where a contract exists, there can be "no claim for unjust enrichment." Id. Indeed, "the doctrine of unjust enrichment applies in the absence of a written contract between the parties; where such a contract exists, however, it is the contract that governs the dispute and neither party can rely on unjust enrichment." Peterson v. Aaron's, Inc., No. 1:14-CV-1919, 2015 WL 5479877, at *2 (N.D. Ga. Sept. 16, 2015).

This Court recognizes that an unjust enrichment claim may be pled as an alternative to a claim for breach of contract. Here, however, Plaintiff did not plead in the alternative. In fact, in the unjust enrichment count, Plaintiff alleges that it "performed under the Agreement, not as gratis or gift." [Doc. 13, p. 4]. Importantly, Plaintiff never alleged that some of the products that it provided to

---

[4] This argument was made in Defendant's response to Plaintiff's Motion to Dismiss only. Plaintiff's Amended Complaint contains no allegations that some of the products were provided outside of the contract. As a general rule, a plaintiff cannot amend its complaint through a brief in opposition to a motion to dismiss. McKally v. Perez, 87 F. Supp. 1310, 1317 (S.D. Fla. 2015).

Defendant were outside the contract or even could have been outside the contract. "[C]ourts have held that a plaintiff may not plead an unjust enrichment claim in the alternative to a breach of contract when it is undisputed . . . that a valid contract exists." Clark v. Aaron's, Inc., 914 F. Supp. 2d 1301, 1310 (N.D. Ga. 2012) (collecting cases); Mabry v. Pelton, 432 S.E.2d 588, 591 (Ga. Ct. App. 1993) ("In the instant case, the theory of unjust enrichment does not apply because there is a legal written contract between the parties."). Given that no party contests the existence of a valid contract, the Court finds that Plaintiff cannot state a claim of unjust enrichment. To the extent that Defendant argues that the unjust enrichment claim is subject to dismissal, the motion is **GRANTED**.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss [Doc. 15] is **GRANTED IN PART AND DENIED IN PART**. The parties are reminded that this case is assigned to a four-month discovery period, which shall commence thirty days after Defendant files its answer.

**SO ORDERED** this 11th day of October, 2024.

_____
J. P. BOULEE
United States District Judge